### PENINSULAR NAVAL STORES CO. v. TOMLINSON et al.

(District Court, S. D. Florida. August 31, 1917.)

1. DEEDS ⬦⟿114(1)—CONSTRUCTION—SUFFICIENCY.

The purchaser who borrowed from complainant money to defray the purchase price gave complainant a mortgage on all of the property purchased, and in satisfaction of the mortgage executed a deed, which, after describing all save one of the parcels purchased, recited that the purchaser did bargain, sell, and convey to complainant all of the land and other property used in connection with the turpentine business operated by him at a named city. The parcel omitted was used by the purchaser in the turpentine business, and was located near the named city. *Held*, that such general description was sufficient to carry the omitted parcel.

2. VENDOR AND PURCHASER ⬦⟿231(1)—BONA FIDE PURCHASER—WHO IS.

The purchaser, after executing the conveyance to complainant by warranty deed, conveyed the omitted parcel to defendant. The mortgage and deed to complainant was duly recorded. *Held*, that as the proper record of an instrument required by statute to be recorded is constructive notice of its contents to all the world, defendant, the deed and mortgage being of record and sufficient to put him on inquiry by which he could have learned of the conveyance to complainant, was not a bona fide purchaser, but took subject to complainant's prior deed.

3. VENDOR AND PURCHASER ⬦⟿243—BONA FIDE PURCHASERS—EVIDENCE.

In such case, as defendant was charged with constructive notice, evidence that the omitted parcel was used in connection with the turpentine business of the purchaser, his grantor, together with admissions by the purchaser, was admissible against defendant.

In Equity. Bill by the Peninsular Naval Stores Company, a corporation, against J. I. Tomlinson and W. N. Fender. Decree for complainant.

R. P. Daniel and Lucien H. Boggs, both of Jacksonville, Fla., for complainant.

Reynolds & Rogers, of Jacksonville, Fla., for defendants.

CALL, District Judge. On July 15, 1913, the complainant filed its bill against the defendants, praying that the deed from defendant Tomlinson be reformed as to include the G. I. F. Clarke grant, and that the deed to the defendant Fender be delivered up and canceled.

The bill, after alleging the jurisdictional facts, alleges that in March, 1913, the complainant advanced to defendant Tomlinson $16,000 with which to purchase the naval stores business of Carter & O'Bryan; that said purchase was consummated with said amount, and conveyance received by Tomlinson; that said advance of $16,000 was evidenced by four promissory notes of $4,000 each; that said notes and advances were secured by mortgage and contract executed by the said defendant Tomlinson; that it was the intention of the parties that said mortgage should cover all the personal, real, and mixed property conveyed in the deed by Carter and O'Bryan; that said notes secured by the mortgage aforesaid not having been paid, the parties agreed that defendant Tomlinson should deed all the property covered by the Carter & O'Bryan conveyance to the complainant in full satisfaction of all of said notes except the last to become due of $4,000; that on April 14, 1914, a conveyance was executed by the defendant Tomlinson, with intent to carry out the agreement, and said notes delivered up and canceled; that by a clerical mistake in copying the descriptions of the fee-simple land in the Carter & O'Bryan deed the true intent of the parties was not carried out, and certain mistakes made in description of parcels of land; that by such mistake the grant to G. I. F. Clarke of 500 acres in section 38, township 9 south, range 30 east, was altogether omitted from the mortgage and deed to the complainant; that said deed contained this further description after the particular lands described, "And for the considerations aforesaid both parties do hereby bargain, sell, convey, set over, transfer, assign and deliver unto the second party, its successors and assigns, all other property, real, personal and mixed, of what kind or nature soever, owned and used by the said J. I. Tomlinson in connection with the said turpentine business heretofore operated by him at Moultrie, St. Johns county, Florida, it being the intention of this instrument to vest in the second party full ownership of all the property used in connection with the said turpentine business just as fully as though the same were specifically described and enumerated in this instrument;" that all the lands of which the descriptions are sought to be reformed, together with the G. I. F. Clarke grant, were used in connection with said turpentine still, and were intended by the parties to be described and conveyed in and by said deed; that in May, 1914, the defendant Tomlinson undertook to convey to the defendant Fender the G. I. F. Clarke grant in fee simple by a deed, regular in all respects; that all the conveyances were recorded in St. Johns county, Florida, at or soon after the execution of the same.

Answers were duly filed by the defendants, the defendant Tomlinson denying that it was ever the intention or understanding that the Clarke grant should be included in the lands conveyed by the deed to the complainant, and the defendant Fender denying that the Clarke grant was used by Tomlinson in the turpentine business at Moultrie, and further

alleging that he was a bona fide purchaser for value of the Clarke grant without notice of the mistake or claim of complainant.

On December 10, 1914, the cause was referred to J. Turner Butler, to take the testimony of the parties and report to the court with his findings of law and fact. On February 23, 1917, the special master made his report, in which he finds:

First. That Carter & O'Bryan conveyed to Tomlinson the lands described in the bill of complaint, including the Clarke grant.

Second. That complainant loaned Tomlinson the money with which to purchase said lands, and for the purpose of securing said moneys received from Tomlinson a mortgage specifically describing all of said lands, except the Clarke grant, said mortgage containing a blanket clause as alleged in the bill.

Third. That the Clarke grant was used by Carter & O'Bryan and by Tomlinson in connection with the turpentine still at Moultrie, and it was the intention of the parties that the same should be covered by the mortgage.

Fourth. That in February, 1914, Tomlinson and wife undertook to convey the lands acquired from Carter & O'Bryan to the complainants for the consideration set out in the bill. That said deed contained the general clause heretofore quoted. That Tomlinson used said Clarke grant in connection with the turpentine operations at Moultrie, and that it was the intention of the parties to have the deed include the Clarke grant.

Fifth. That in May, 1914, Tomlinson and wife executed a deed to Fender covering the Clarke grant, but the recitals in the deed to complainant were sufficient to put Fender on notice of complainant's claim, or furnished the means of identifying complainant's claim, and defendant Fender is not a bona fide purchaser without notice.

Sixth. That complainant is entitled to the relief prayed.

Seventh. That certain objections to testimony are overruled.

On March 8, 1917, the defendants Fender, filed exceptions to that portion of the master's fifth finding:

First. "That the recitals in the deed and mortgage from Tomlinson to complainant were sufficient to put the defendant Fender on notice of complainant's claim, or furnished the means of identifying complainant's claim."

Second. To the sixth finding of the master that the complainant is entitled to the relief prayed by its bill.

Third. To the seventh finding of the master, admitting testimony of the use of the Clarke grant in connection with the turpentine still at Moultrie, and admissions of Tomlinson relating thereto are admissible against Fender as claiming through him.

By agreement of the parties the cause was heard by the court on April 20, 1917, on the master's report, the exceptions thereto, the testimony taken before him, and exhibits filed by the parties.

Upon the testimony there is no contention, nor could there be, that so far as the defendant Tomlinson is concerned the complainant is entitled to the relief prayed for, for a reformation of the deed in respect to the several tracts of land. The deed to the defendant Fender produces, however, the real question to be decided. If Fender is a bona fide purchaser from Tomlinson of the Clarke grant, any relief against

him and as to the Clarke grant must be denied. The complainant insists that it is entitled to the relief prayed against him:

First. Because the deed to it containing the general clause, conveyed to it the Clarke grant and its record, was notice to all the world, and therefore Fender took his deed with such notice, and is not a bona fide purchaser without notice.

Second. Because Fender set up the affirmative defense of bona fide purchaser for value and without notice, and has totally failed to prove that he paid a valuable consideration, and therefore his defense falls.

The defendant Fender, on the other hand, contends the decree should be in his favor because the complainant has not shown legal title in itself, and has not shown that he had notice of the claim of the complainant, and that without such showing the presumption of bona fides support his claim without proof from him of consideration, etc., for his conveyance.

There is a sharp conflict in the decisions of the courts of the several states on this question; many of them holding that the party resting his rights on the fact that he is a subsequent purchaser or creditor for value and without notice must establish those facts. Equally as many or more hold that in a contest between the subsequent purchaser with a recorded deed and the claimant under a prior unrecorded deed the presumption of bona fides is with the subsequent purchaser, and the claimant under the unrecorded deed must prove notice or want of consideration.

The case of Lake v. Hancock, 38 Fla. 60, 20 South. 811, 56 Am. St. Rep. 159, apparently holds to the first-mentioned doctrine, and the later cases of Feinberg v. Stearns, 56 Fla. 282, 47 South. 797, 131 Am. St. Rep. 119, and West Coast Lumber Co. v. Griffin, 56 Fla. at page 878, 48 South. 36, seem to hold the last-mentioned doctrine. It does not seem necessary to me to decide the point in this case. Here there was no unrecorded deed. The questions to be determined are: (1) Is the general description clause contained in the deed to complainant sufficient to vest in it title to the Clarke grant; and (2) if it is, is the record of said deed constructive notice to the subsequent purchaser?

[1] As to the first of these questions I am of opinion that it is sufficient to vest title of all the real estate then owned by the grantor and used in connection with the turpentine still at Moultrie.

[2] The other question is, Is the defendant Fender charged with notice by the record of this deed? It is unquestioned law that the proper record of an instrument required by the statute to be recorded is constructive notice of its contents to all the world. Tyler v. Johnson et al., 61 Fla. 730, 55 South. 870. Any one dealing with the property covered by such instrument is charged with notice whether he has seen it or not. If the contents of the recorded deed brings to his knowledge such facts as ought to put a reasonably prudent man on inquiry, he is then charged with knowledge of such facts as this inquiry would have produced.

In the instant case an examination of the records of St. Johns county would have shown that Tomlinson acquired the lands from Carter &

O'Bryan, including turpentine leases, still, etc., and immediately gave a mortgage to the complainant in which all the lands, leases, etc., so acquired were specifically described, with a general clause following covering all lands used in connection with the turpentine still. That thereafter these same lands, leases, etc., were conveyed to the complainant, still with a general clause of conveyance to cover all lands used in connection with the turpentine still at Moultrie. Can it be said that one subsequently taking a deed from the grantor of a portion of land so acquired would be protected in equity because he failed to make the inquiry that would have informed him of the fact that that very land was used in connection with the turpentine still and was covered by the clause in the deed? I think not, especially when one remembers that Fender was familiar with the turpentine business, and had been for 24 years.

I am of opinion, therefore, that the record of this deed was notice to the defendant Fender, and that the complainant is entitled to relief prayed against him.

This disposes of the first two exceptions.

[3] The first two exceptions being disposed of contrary to the contention of the defendant Fender, the third is of little moment. If Fender received the deed with notice, constructive or otherwise, then the evidence admitted will be considered against him. If he had been a subsequent purchaser for value without notice, such evidence could not have affected his interest, and of course no relief could have been had against him.

A decree will be prepared finding the equities with the complainant, and granting the relief prayed in and by the bill of complaint.