## WENSTRAND v. ALBERT PICK & CO.
### No. 4228.

Circuit Court of Appeals, Seventh Circuit.
February 11, 1930.
Rehearing Denied March 10, 1930.

Mort D. Goldberg, Frank Goldberg and
Harry G. Hershenson, all of Chicago, Ill.
(Daniel V. Gallery, of Chicago, Ill., of coun-
sel), for appellant.

William Ruger and Arthur Wolf, both of
Chicago, Ill., for appellee.

Before EVANS, PAGE, and SPARKS, Circuit Judges.

PAGE, Circuit Judge.

Appellee, Albert Pick & Co., held a chattel mortgage on the furnishings of the Granada Hotel, in Chicago, and on May 12, 1927, an affidavit for the extension thereof to May 15, 1928, was made, under the laws of Illinois.

April 18, 1928, an execution was placed in the hands of the sheriff of Cook county, Ill., issued on a judgment by confession, entered on the same day, in a state court, against the hotel and in favor of Lynch Clarisey Company. July 7, 1928, a levy was made, and on the 27th of that month the property covered by the chattel mortgage was sold to Lynch Clarisey Company on the execution. August 25th what purported to be a bill of sale of the hotel furnishings was made to appellant, and he took possession.

Appellee, on May 19, 1928, filed its bill to foreclose its chattel mortgage in a state court in Chicago. It knew of the judgment, but did not make Lynch Clarisey Company a party. May 30, 1928, service was had on the hotel company. A receiver was asked, but not appointed, nor was possession taken. November 13, 1928, foreclosure was decreed, and the master in chancery was directed to sell.

November 23, 1928, the bill here in question was filed in the United States District Court, in Chicago, and a restraining order against the master in chancery of the state court and appellee was granted. On final hearing, the restraining order was dissolved and the bill dismissed.

The contentions are: (a) That there was no legal extension of the mortgage; (b) that because there was no receiver, and no possession taken under the mortgage within three months of the expiration of the extension, appellee lost all its rights as against appellant.

Section 4 of the Chattel Mortgage Act of Illinois (Smith-Hurd Rev. St. 1929, c. 95, § 4) provides:

"The mortgagor and mortgagee, his, her, its or their agent or agents, attorney, or attorneys shall file for record in the office of the recorder of deeds of the county where the original mortgage is recorded, an affidavit setting forth particularly the interest which the mortgagee has by virtue of such mortgage in the property therein mentioned, and if such mortgage is for the payment of money, the amount remaining unpaid thereon, and the time when the same will become due

by extension or otherwise; which affidavit shall be recorded by such recorder, and thereupon the mortgage lien originally acquired shall be continued and extended, etc."

The affidavit, so far as here material, reads:

"Granada Hotel Corporation, by Fred D. Mateer, duly authorized agent, Chicago, Ill., being first duly sworn on oath deposes and says that he is the mortgagor, and L. E. Lee, also being sworn, on oath deposes and says that he is the duly authorized agent and assistant treasurer of Albert Pick and Company, a corporation, doing business under and by virtue of the laws of the State of Illinois, with its principal place of business at Chicago, Illinois, and that the said Albert Pick & Company is the mortgagee named in a certain chattel mortgage, dated 20th day of August, A. D. 1924, acknowledged by the said Granada Hotel Corporation, by Fred D. Mateer, duly authorized agent, mortgagor, on the 20th day of August, 1924, before James A. Kearns, Clerk of the Municipal Court of Chicago, and recorded in the Recorder's Office of Cook County on the 29th day of August A. D. 1924, in Book No. 20081 of Records, on page 365, as Document Number 8570591, which said Chattel Mortgage expires on the 1st day of March, A. D. 1927, by limitations thereof.

"That the said Albert Pick & Company, a corporation, mortgagee, has an interest in the mortgage and the property therein set forth and described, amounting to $56,173.45 remaining unpaid thereon, which said amount will become due by extension thereof on the following dates, to-wit:

(Then follows a series of notes, the last one of which is extended to May 15, 1928.)

"These affiants further state that this affidavit was made for the purpose of extending the lien of the chattel mortgage on the property therein set forth and described to the 15th day of May, A. D. 1928, under the provisions of the laws of the State of Illinois, in such case made and provided.

"Witness the hands and seals of the mortgagor herein, and the said mortgagee herein, this 12th day of May, 1927.

"Granada Hotel Corporation,
"By Fred D. Mateer,
"Duly Authorized Agent Mortgagor.
"L. E. Lee,
"Duly Authorized Agt. and Asst. Treas. of Mortgagee."

The jurat, as to the Granada Hotel Corporation, was subscribed and sworn to "by the said Granada Hotel Corporation, by Fred

Mateer, duly authorized agent mortgager." As to the mortgagee, the jurat reads: "Subscribed and sworn to by the said L. E. Lee, agent of the mortgagee, etc."

The first objection to the affidavit of extention is that Mateer said that he was the mortgagor—and such is the language of the affidavit. The affidavit fully identifies the mortgage and the purpose of the affidavit, namely, to extend that mortgage. It is clearly apparent from the face of the affidavit that Mateer was not the owner, and never claimed or intended to claim the ownership of the hotel furnishings. No injury did come from what is plainly an error of the scrivener.

It is further objected that it does not appear that Fred Mateer was the agent of the hotel corporation. Mateer was president of the corporation. Although, on August 4, 1928, by an unverified answer filed in the foreclosure case, it was denied that Mateer was authorized to execute the affidavit, a further answer was filed on August 31, 1928, showing payments made "upon the indebtedness secured by the chattel mortgage and the affidavit of extension." Nine checks are there set out, the first one dated May 11, 1927, the day before the affidavit of extension was made, and the last May 4, 1928, only a few days before the filing of the bill to foreclose. Those checks, with one exception, were signed by Fred D. Mateer, as president and treasurer of the Granada Hotel Corporation. The other check was made by a trust company, pursuant to arrangements made by Mateer, for the hotel corporation, over the telephone from Kansas City.

After the witness Wulfsohn identified the signature to the affidavit of extension as the genuine signature of the Granada Hotel Corporation, by Fred D. Mateer, its authorized agent, it was admitted in evidence upon a statement by the hotel corporation's counsel that it had no objection thereto. The Illinois Practice Act requires that, before one may contest the execution of an instrument in writing, such execution must be denied under oath. Paragraph 52, c. 110, Cahill's Ill. Stats.

We are of opinion that there is no substantial defect in the extension affidavit, and that Mateer was the duly authorized agent of the hotel corporation.

It is claimed that appellee lost its lien because it did not take possession of the chattels mortgaged, or have a receiver appointed in the foreclosure suit, within three months of the expiration of the time to which the chattel mortgage was extended.

Service on the mortgagor was had before the extension expired. The pendency of the suit was, after service of process, notice to all persons of the rights of the plaintiff, disclosed by the bill of foreclosure. A purchaser pendente lite is to all intents and purposes a party to the decree. Norris v. Ile, 152 Ill. 190, 199, 38 N. E. 762, 43 Am. St. Rep. 233; Tilton v. Cofield, 93 U. S. 163, 168, 23 L. Ed. 858.

Appellant also had actual notice, before he took the bill of sale relied on, of the rights claimed by appellee. Mort D. Goldberg, Frank Goldberg, and Lester Cohen were the attorneys for the hotel company from the time of the commencement of the foreclosure suit until the entry of the decree therein on November 13, 1928. Mr. Cohen was an employee in the office of the Goldbergs and confessed the judgment as attorney in fact for the hotel company in favor of Lynch Clarisey Company, and the Goldbergs, from April 18, 1928, up to the time appellant made his purchase from Lynch Clarisey Company, were attorneys for Lynch Clarisey Company against the hotel company. After the sale by Lynch Clarisey Company to appellant, through the Goldbergs, they became, and are in this suit, attorneys for appellant.

Appellant has come into a court of equity, represented by attorneys who were at the same time on both sides of litigation against the hotel company, and the result of that representation will be, if successful, to take from the hotel company a large part, if not all, of its property, and give it to appellant for a small part of its value, and leave the hotel company with its principal debts unpaid and appellee with nothing paid on its large debt.

We are of opinion that the decree of the District Court should be, and it is, affirmed.