**In re GREER COLLEGE and AIRWAYS.**

### GREER v. KLEIN.
### No. 4548.

Circuit Court of Appeals, Seventh Circuit.
Nov. 12, 1931.

L. Dow Nichol, Jr., and George T. Rogers, both of Chicago, Ill., for appellant.

Arthur Chittick, Harry J. Fireman, and Isadore Wolfsohn, all of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

On March 20, 1930, the Greer College of Motoring, an Illinois corporation, filed with the secretary of state a certificate changing its name to Greer College and Airways, and, on the same day, the secretary of state certified that the said Greer College of Motoring had changed its name to Greer College and Airways. This certificate of change of name was not filed with the recorder's office until May 5, 1930, or some nine days after the involuntary petition in bankruptcy was filed. On April 8, 1930, bankrupt executed to appellant, in the name of the Greer College of Motoring, two chattel mortgages to secure a loan of $3,000. The chattel mortgages were duly recorded, one with the recorder of deeds of Du Page county, April 9, 1930, and the

other with the recorder of deeds of Cook county, April 15, 1930.

The District Court confirmed the order of the referee, which denied the mortgagee's petition for a recognition of her claim and the declaration of a lien against the funds in the possession of the trustee in bankruptcy, covered by said mortgages. In its memorandum, the court said:

"The Greer mortgage, dated April 8, 1930, was executed in the name of the 'Greer College of Motoring.' The whole sum was not advanced to the corporation at the time the mortgage was given but was subsequently advanced in different installments, the whole amount, however, being received by the corporation and the proceeds applied to corporate purposes. The fact that the money was thus advanced to the corporation does not invalidate the mortgage.

"The principal objection to this mortgage is that the bankrupt, a corporation of the State of Illinois, was incorporated under the name of 'Greer College of Motoring.' On March 20, 1930, a certificate of change of name to 'Greer College and Airways' was filed in the office of the Secretary of State. On April 8, 1930, therefore, there was no such corporation as the Greer College of Motoring.

"As between the mortgagor and the mortgagee, the mortgage might be perfectly valid but the rights of general creditors, represented by the trustee, have intervened. * * *"

We cannot agree with this conclusion for two reasons: (a) The corporation, Greer College of Motoring, had not in fact changed its name to Greer College and Airways when the mortgages were executed. (b) The corporate name of the mortgagor in both mortgages gave creditors of the bankrupt notice of the existence of the mortgages as a lien against bankrupt's property.

For fifteen years, bankrupt had transacted business in Chicago and vicinity as the Greer College of Motoring. Not only was its business conducted in this name, but the corporate name was Greer College of Motoring. In March, 1930, it is true it instituted proceedings to change its name, but it did not complete the steps necessary to a valid change of name. It should have filed the certificate issued by the secretary of state with the recorder of deeds of Cook county, as required by the Illinois statutes.

Chapter 32, paragraph 131, Cahill's Illinois Statutes, deals with the subject of change of corporate names. It requires the filing for record of all certificates of amend-

ments to the charter of the corporation with the Recorder of Deeds, who is required to keep a book for the purpose of showing such amendments.

It is true that paragraph 63 of this chapter provides that "the amendment [to the corporate charter] shall be effective from the date of filing by the Secretary of State," but the word "effective" has application to the authority of the corporation. It could not apply to a creditor who had no knowledge of the change in name. Until such certificate was filed, a creditor taking a mortgage from the corporation to secure a loan presently advanced has a right to assume that the corporate name has not been changed. In the instant case, it is not contended that any unsecured creditor of bankrupt extended credit on the assumption that the bankrupt's property was free from lien. In fact, there is no proof that bankrupt incurred any indebtedness between the date of the execution of the mortgages and the date of the filing of the petition in bankruptcy.

█ No case has been cited to us, which, in point of facts, is even close to the one we are considering. It is the general rule, however, that when a party has notice of facts appearing in a recorded document, such as would put a prudent person upon inquiry, he is chargeable with the knowledge of such other facts, which, by diligent inquiry, he would have ascertained had he investigated. 23 Ruling Case Law 221, § 83.

The Supreme Court, in Northwestern Nat. Bank v. Freeman, 171 U. S. 620, 629, 19 S. Ct. 36, 39, 43 L. Ed. 307, states the rule thus: "A purchaser is charged with notice of every fact shown by the records, and is presumed to know every other fact which an examination suggested by the records would have disclosed."

Other cases, holding constructive knowledge of facts which might have been discovered upon diligent search, are: Page v. Natural Gas & Fuel Co., 35 F. (2d) 462 (C. C. A.); Mathieson v. Craven, 228 F. 345 (D. C.); Peninsular Naval Stores Co. v. Tomlinson, 244 F. 598 (D. C.); Thorpe v. Helmer, 275 Ill. 86, 113 N. E. 954.

It could not be seriously urged that all changes in the name of the mortgagor corporation would, as against creditors, defeat a mortgage executed in good faith for a present valuable consideration. To illustrate: Had the Greer College of Motoring changed its name in one respect only, that is, by adding the letter "e" to the word Greer, it could not be seriously contended that a mortgage

given by it thereby became unenforceable as against unsecured creditors.

A few of the cases illustrative of the extent to which the courts have gone in holding the world chargeable with notice of the existence of a lien evidenced by a recorded instrument, wherein the lienor's name is inaccurately stated, are herewith collected. Lembeck & Betz Eagle Co. v. Barbi, 90 N. J. Eq. 373, 106 A. 552; Muehlberger v. Schilling (Sup.) 3 N. Y. S. 705; Lena Loser v. Plainfield Savings Bank, 149 Iowa, 672, 128 N. W. 1101, 31 L. R. A. (N. S.) 1112; Huston v. Seeley, 27 Iowa, 183; Fallon v. Kehoe, 38 Cal. 44, 99 Am. Dec. 347; H. R. & C. Co. v. Eleanor M. Smith, 242 N. Y. 267, 151 N. E. 448, 45 A. L. R. 554; Woodward v. McCollum, 16 N. D. 42, 111 N. W. 623; American Emigrant Co. v. Call (C. C.) 22 F. 765; Fincher v. Hanegan, 59 Ark. 151, 26 S. W. 821, 24 L. R. A. 543.

Here it is shown that the mortgagor operated in the same vicinity for fifteen years; its creditors knew its business to be that of conducting a flying school, and that it used the more or less pretentious word "college." The business was conducted by one Greer. Flying machines, of course, require motors. We cannot conceive of a creditor who dealt with the bankrupt under the new name of Greer College and Airways, under these circumstances, being deceived by a recorded mortgage running from the Greer College of Motoring.

Appellee argues in this court that the proof shows the mortgages to have been fraudulently given. This contention must be rejected by us in view of the facts as found by the District Court, heretofore quoted.

The decree is reversed, with instructions to enter one in harmony with the views herein expressed.