In re ALLEE.

JOHNSON v. McBRIAN.

No. 4539.

Circuit Court of Appeals, Seventh Circuit.
Jan. 5, 1932.

W. Edgar Sampson and C. Terry Lindner, both of Springfield, Ill., for appellant.

Roy G. Hill and Charles C. McBrian, both of Springfield, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

The principal question presented by this appeal is: What was the effect, if any, of writing the name of George E. Allen instead of George E. Allee in the granting clause of the mortgage? Aside from this error, there is no question raised or presented as to the validity of the mortgage or its sufficiency to pass title of the automobile in controversy to appellant. It therefore follows that if the error in writing the wrong name in the granting clause is not sufficient to defeat appellant's otherwise good title, appellee should not be permitted to recover in this action.

The source of trustee's title, if any, is based upon 11 USC, § 75 (a) (2), 11 USCA § 75 (a) (2), which in part reads as follows: " * * * such trustees, as to all property in the custody * * * of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. * * * *"

By virtue of this statute, courts have referred to a trustee in bankruptcy as the "perfect creditor"; but this does not mean that his powers and rights and title exceed those of any other judgment creditor who holds an execution duly returned unsatisfied, or that they supersede a prior valid lien. This court has held that such trustee is not to be considered as a purchaser for value, but that his powers, rights, and title are the same as any other judgment creditor who holds a returned and unsatisfied execution, and that he cannot, in any case, take property not belonging to bankrupt. In re Abell (C. C. A.) 19 F.(2d) 965; In re Steiners Improved Dye Works, Inc. (C. C. A.) 44 F.(2d) 557.

The unsatisfied execution which trustee, as a "perfect creditor," is presumed to hold will reach nothing which the Illinois statute does not authorize to be taken on execution.

Cahill's Rev. St. Ill. 1929, c. 77, par. 10, provides what property may be thus taken: "All and singular the * * * goods and chattels (except such as is by law declared to be exempt) of every person against whom any judgment has been or shall be hereafter obtained in any court of record, for any debt * * * shall be liable to be sold upon execution. * * *" No one can transfer a better title than he has; neither can there be taken in Illinois, under an execution, something to which the judgment debtor has no title, unless the execution creditor is aided by some element of estoppel, which element is not claimed to exist in the instant case. Sherer-Gillett Co. v. Long, 318 Ill. 432, 149 N. E. 225; In re Abell, supra.

The remaining question before us is: What interest did George E. Allee have in the automobile in controversy, at the time of his adjudication in bankruptcy, upon which an unsatisfied execution of any judgment creditor could have been levied? We think he had no such interest.

The record before us shows that the mortgage was recorded as it was originally executed. In four separate places in that instrument and its indorsements mortgagor's name was correctly spelled, but in the granting clause it was spelled "Geo. E. Allen," and this was appellant's fault, for his agent committed the error. But, even so, the mortgage was sufficient to convey title as between the parties, for mortgagor executed and acknowledged the instrument using his correct name. It was duly filed by mortgagee for record, pursuant to the law of Illinois, and had it not been for the error of the recorder in indexing the instrument its effectiveness as a conveyance could not be questioned. It cannot be contended that the recorder and the justice of the peace were innocently led into error by the negligence of appellant's agent, for it is their duty to index their records of grantors from signatures, and not from names as they appear in granting clauses.

If it be admitted that the recorder and the justice of the peace are excused by appellant's act, that will not aid appellee's contention, for it in no manner militates against the effectiveness of the instrument as a good and sufficient conveyance to appellant of the automobile in controversy. Durfee v. Grinnell, 69 Ill. 371; Wenstrand v. Albert Pick & Co. (C. C. A.) 38 F.(2d) 25; Dodd v. Bartholomew, 44 Ohio St. 171, 5 N. E. 866. The error in the instant case is not of that class which renders the instrument invalid, or prevents a purported instrument from having an intended legal effect. It is not denied that the instrument before us, in and of itself, is effective as a conveyance. It was filed and recorded within the time prescribed by the law of Illinois, and, if appellant is to be prevented from enjoying its benefit, it must be by some element of estoppel which is neither pleaded nor present. Whether appellant's duty ended when he filed the instrument for record (Cahill's Rev. St. Ill. 1929, c. 95, par. 4), or whether his lien did not attach until the mortgage was recorded (Cahill's Rev. St. Ill. 1929, c. 95, par. 1), is not material, for both events have happened. The following decisions, however, seem to hold that where mortgagee has left his mortgage with the recorder to file, from that date it will be considered of record to protect mortgagee's lien. Pease v. L. Fish Furniture Co., 176 Ill. 220, 52 N. E. 932; Eaton State Bank v. Flesher et al., 243 Ill. App. 532. The statute does not require mortgagee to do the indexing, but it places that duty upon the recording officers. While it is no doubt true that appellant's negligence contributed to the negligence of the recording officers with respect to the indexing, and this fact might constitute a most excellent basis for a recovery by one who had been misled thereby to his injury, such recovery, however, would not be on the theory that the mortgage is invalid, but on the theory that mortgagee, by reason of a negligent act, is precluded from enjoying the fruits of that mortgage. In other words, such recovery would be by virtue of estoppel.

In the instant case, however, no creditor is so situated, nor is any claim of that kind herein made. If any creditor were thus situated it would be the duty of trustee to protect him; but until such condition exists, we think appellant's title to the automobile in controversy is good as against the trustee. In re Greer College & Airways (Greer v. Klein) 53 F.(2d) 585, decided by this court November 12, 1931.

The order of the District Court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.