## In re GRANADA APARTMENTS, Inc.

## INDEMNITY INS. CO. OF NORTH AMERICA v. GRANADA APARTMENTS, Inc., et al.

### WOODS v. SAME.

### Nos. 6814, 6821.

Circuit Court of Appeals, Seventh Circuit.
May 2, 1939.

---

Louis L. Dent, George M. Weichelt, John P. Hampton, and Seward H. Bowers, all of Chicago, Ill., for Indemnity Ins. Co. and another.

Weightstill Woods, of Chicago, Ill., pro se, for Granada Apartments.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Both appeals were heard together and involve related questions and will be disposed of in one opinion. The reorganization of a Chicago apartment building, known as the Granada Apartments, is the general subject of this litigation, and an order entered on a claim and a counterclaim is the specific basis of these appeals.

Appeal in No. 6814 is from an order disallowing a claim of $4,000 of the Indemnity Insurance Company of North America (hereinafter called appellant) based on a receiver's certificate issued in a state court foreclosure proceeding. Another part of the same order directed appellant to pay to the trustee the sum of $8,757 (which is the sum of $7,500 theretofore paid on said receiver's certificate and interest). Appellant seeks reversal of both provisions of said order.

In appeal No. 6821 the trustee (hereinafter called appellee) attacks another provision of the same order which denied him the additional sum of $13,000 with interest from August 23, 1933, which he sought through another counterclaim and which was based on an alleged conspiracy with resulting damage to appellee, and to which appellant was a party.

In 1930, the Chicago Title and Trust Company was named by the Superior Court of Cook County, Illinois, as receiver of the Granada Apartments, which is a furnished apartment hotel having 206 one, two, three, and four room apartments, and 17 hotel rooms. The furniture therein had been purchased from Albert Pick & Company, who accepted a chattel mortgage on the articles sold to secure the purchase money. Later Pick &' Co. instituted foreclosure suit on its chattel mortgage, and one Wenstrand who was interested financially and otherwise in the Granada Apartments, and a guarantor of its bond issue, contested the Pick mortgage in a suit, in the United States District Court for the Northern District of Illinois, to restrain the Pick foreclosure. Upon trial, this suit was dismissed and the decree affirmed by this court. Wenstrand v. Albert Pick & Co., 7 Cir., 38 F.2d 25. The Supreme Court denied certiorari. 281 U.S. 768, 50 S.Ct. 466, 74 L.Ed. 1175. A suit was then filed in the state court by the receiver, which had for its object the nullification of the chattel mortgage held by the Albert Pick Com-

pany. This suit was contested, and a decision in favor of the chattel mortgagee followed. An appeal was taken and the decree was affirmed. Thuma v. Granada Hotel Corp., 269 Ill.App. 484. The Illinois Supreme Court denied certiorari.

At the end of all of this litigation the trustee made a settlement with Pick by the terms of which it agreed to pay the chattel mortgagee $24,500 ($22,500 in settlement and $2,000 attorneys' fees) in full satisfaction of the chattel mortgage indebtedness and for all damages arising out of the injunctional order which was granted pending such litigation. Appellant had signed a bond upon the issuance of the injunction in the suit to restrain the enforcement of the chattel mortgage.

The receiver was without sufficient money to pay the $24,500. It applied to the state court for authority to issue receiver's certificates, which was granted. Appellant purchased the receiver's certificate of $11,500 thus authorized and paid therefor, $11,500. Thereafter, out of earnings, the receiver paid $7,500, leaving the sum of $4,000 unpaid, when the application for reorganization of the debtor under section 77B, Bankr.Act, 11 U.S.C.A. § 207, was made in the District Court, and Woods, appellee, was appointed trustee.

A plan of reorganization was finally submitted and approved. It called for the payment of the unpaid balance of this receiver's certificate. Subsequently a hearing was had on the claims against the estate, and the trustee objected to appellant's claim for the unpaid balance of $4,000 and also sought to recover the $7,500 which had previously been paid on said receiver's certificate.

In appeal No. 6814, there are two questions: (a) Was the receiver's certificate valid? (b) Is appellee as trustee of the estate of debtor in a position to attack the validity of said certificate authorized by a court of competent jurisdiction?

█ (a) There can be little doubt as to the validity of the receiver's certificate or the obligation of the debtor arising therefrom. Appellee does not seriously contest its validity.

After prolonged litigation in the state and Federal courts the validity of the chattel mortgage was sustained. Its holder was entitled to the furniture which had been and was necessarily used to furnish the apartments from which debtor derived its income. In fact, the debtor's property was designed for use as *furnished* apartments. If the furniture were removed by the chattel mortgagee, the trustee under the real estate mortgage would have been required to purchase new furniture. To avoid this the state court receiver was required to pay the amount secured by the chattel mortgage or effect a settlement with the chattel mortgagee. Having succeeded in making a settlement, it required additional money with which to carry out the settlement agreement. Its cash on hand was insufficient. It required $11,500 more. It applied to the state court which had jurisdiction of the foreclosure suit and which had appointed the receiver and obtained authority to sell receiver's certificates. All parties to that suit consented to the entry of the order authorizing the issuance of the receiver's certificates. There can be no doubt about the authority of the court to authorize the issuance of the certificates. Kneeland v. Luce, 141 U.S. 491, 12 S.Ct. 32, 35 L.Ed. 830; Commonwealth Trust Co. v. Amer. Motorship Co., 2 Cir., 287 F. 76; Pittsburgh Plate Glass Co. v. Kransz, 291 Ill. 84, 125 N.E. 730. There is likewise no question but that the debtor was benefited to the extent of $11,500 received on the sale of such certificate and the satisfaction of the chattel mortgage.

█ (b) Equally well settled is the law which denies to a court of bankruptcy authority to set aside a valid lien lawfully created by the state court and represented by a receiver's certificate for which the purchaser paid face value to the court's receiver. In short, such certificates are invulnerable to collateral attack. In re 7000 South Shore Drive Building Corp., 7 Cir., 86 F.2d 499; In re Veler, 6 Cir., 249 F. 633.

█ *Appeal No. 6821.* In this appeal the trustee in the bankruptcy proceedings seeks to recover, by counterclaim, damages resulting from an alleged conspiracy to injure and defraud the debtor, to which conspiracy appellant was a party. The same theory and the same factual basis support the counterclaim as the set-off. There is, however, an utter absence of proof to sustain the theory or the fact allegations of the trustee. There is neither proof of a conspiracy to damage the debtor nor any proof that appellant was a party thereto. There are also no allegations which would support such proof if any such proof were offered. The trus-

tee's objection was that the claim was "informal, lacking original documents on which claim purports to be made, unfounded, lacking in merit, invalid, and should be disallowed entirely."

The suit in the Federal court heretofore referred to was to defeat Pick's chattel mortgage. Had plaintiff been successful, the debtor would have been relieved of a $22,000 lien on its furniture. The suit by the receiver in the state court was for the same purpose—to defeat the Pick chattel mortgage. While the litigation terminated adversely in both suits, it cannot be said that it was instituted for the purpose of damaging the debtor, nor did it damage the debtor. Two thousand dollars was subsequently paid by the debtor to the Pick Company for attorneys' fees. Whether this was a fee provided in the chattel mortgage or was recoverable damages growing out of the granting of the injunction does not appear. In either case it was the debtor's obligation, and the amount was by the debtor determined and paid before the appellant was approached to buy the receiver's certificates.

Upon oral argument appellee's counsel inveighs against one Wenstrand who, he charges, was the prime mover in organizing the debtor and selling its bonds to the public to the great loss of the purchasers. Assuming for the purpose of the argument that Wenstrand over-reached the purchasers of these bonds, it does not follow that the appellant who subsequently purchased the receiver's certificate may be held for the damages which arose out of the sale of these bonds. Likewise, the fact that the guarantor of the bond issue was the party who sought to restrain the enforcement of the Pick chattel mortgage and secured appellant as his bondsman when the injunction was issued in no way connects said appellant with any previous wrongdoing by Wenstrand in making false representations when said bonds were sold. The asserted basis of both the set-off and the counterclaim, as against the appellant, fails for want of evidentiary support.

The record shows that the referee reported in favor of the allowance of the claim for $4,000 based on the receiver's certificate. It also appears that the plan of reorganization which was approved by the court recognized this certificate as a valid lien upon the property to the amount of $4,000,—the then unpaid balance.

 We have also examined appellee's motion to dismiss the appeal because the new company is not made a party. There is no merit in this position and the motion to dismiss must be and is denied.

The decree of the court in appeal No. 6821 is affirmed with costs.

In appeal No. 6814, the decree of the District Court is reversed, with directions to enter a decree in favor of the appellant, Indemnity Insurance Company of North America, for the sum of $4,000 and interest. Appellant will recover its costs on this appeal.