E. H. TYLER, *Appellant,* v. W. E JOHNSON AND J. R. TY-LER, *Appellees.*

1.  When the title to property remains in a judgment debtor and is subject to execution, a purchaser for value and without notice at an execution sale takes the title of the judgment debtor free of all claims and equities of which said purchaser had no actual or constructive notice.

2.  Under the statute the proper record of a conveyance affords constructive notice of its contents only.

3.  If a conveyance does not include the interest of all the owners of the property, the record of the conveyance is notice only as to the interests included in it.

4.  Where real estate is owned by a father and his children as co-parceners and the father as guardian of the children conveys their interests, but does not convey his individual interest in the property, the record of the conveyance of the children's interests is not constructive notice that the purchaser has an equity in the father's interest or that the parties intended the conveyance to include the father's interest, as well as that of the children.

5.  Where the title of a party in possession of land is shown by the record of the title, the possession merely as such and without other notice may be regarded as having reference solely to and as being notice only of the title as disclosed by the record, if the possession is consistent with the record title.

6.  Where possession of land is taken under a deed of conveyance the possession is presumed to be in accordance with the rights conveyed, and the possession continues under such rights unless a different right is given by law or is asserted expressly or by implication from the actions or conduct of the party in possession or of some one acting in his behalf.

7.  The possession of one tenant in common is in law the possession of all having similar rights in the property, and the

mere possession of the property by one of the tenants in common is not of itself notice that the one in possession has a claim upon or equity in the rights of the other tenants in common with reference to the land.

8. Where the title to property has descended to several as co-parceners and a conveyance is made of the interests of some of the co-parceners, the grantee and the other co-parceners become tenants in common of the land, and the possession of the grantee under such a conveyance is notice only as to the interests conveyed unless actual notice is given that the possession has reference to other rights as well as to those covered by the conveyance.

This case was decided by Division A.

Appealed from the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*E. B. Drumright,* for Appellant;

*A. G. Turner* and *P. O. Knight,* for Appellees.

WHITFIELD, C. J.—The bill of complaint alleges, in substance, that the wife of J. R. Tyler died leaving certain real estate, her separate statutory property, which descended to the husband and the children of the decedent; that J. R. Tyler as guardian for the children conveyed the interests of the children in the property to E. H. Tyler, but did not in terms convey his own interest in the land. The interest of J. R. Tyler in the land was subsequently conveyed to W. E. Johnson pursuant to an execution sale, and E. H. Tyler brought suit for removal of cloud upon his title and for reformation upon the theory

that J. R. Tyler intended to convey to E. H. Tyler his interest in the land as well as that of his wards; and that the possession of E. H. Tyler was notice of any claim he may have to the individual interest of J. R. Tyler in the land. A demurrer to the amended bill was sustained and the bill was dismissed. The complainant appealed.

When the title to property remains in a judgment debtor and is subject to execution, a purchaser for value and without notice at an execution sale takes the title of the judgment debtor free of all claims and equities of which such purchaser had no actual or constructive notice.

Under the statute the proper record of a conveyance affords constructive notice of its contents only. If a conveyance does not include the interest of all the owners of the property, the record of the conveyance is notice only as to the interests included in it. See Mansfield v. Johnson, 51 Fla. 239, 40 South. Rep. 196; Sec. 2480 Gen. Stats. of 1906.

Where real estate is owned by a father and his children as co-parceners and the father as guardian of the children conveys their interests, but does not convey his individual interest in the property, the record of the conveyance of the children's interests is not constructive notice that the purchaser has an equity in the father's interest or that the parties intended the conveyance to include the father's interest, as well as that of the children.

Actual possession of the land affords notice that such possession is presumably pursuant to some right, and if that right is not shown by the duly recorded title, the possession may be regarded as notice of any right claimed by the one in possession. Such possession puts a purchaser on enquiry. Massey v. Hubbard, 18 Fla. 688. But if the right of the party in possession is shown by the duly recorded title to the land, the possession merely as such

and without other notice may be regarded as having reference solely to and as being notice only of the title as disclosed by the record, if the possession is consistent with the record title.  If the possession is consistent with the record title, and that title does not exclude the right of another to a concurrent interest in and possession of the land, the possession may be regarded as notice only of the claim or title of the party in possession as shown by the record; and a bona fide purchaser for value and without actual notice of a claim of the party in possession to the outstanding concurrent right, takes a good title as against the person in possession, even though such person in possession has an equitable interest not shown by the record to be in him.  See Wade on Notice, Secs. 290-297; 2. Tiffany on Modern Law of Real Property, Sec. 480, page 1089; Smith v. Yule, 31 Cal. 180, 89 Am. Dec. 167; Fargason v. Edrington, 49 Ark. 207, 4 S. W. Rep. 763.

Where possession of land is taken under a deed of conveyance the possession is presumed to be in accordance with the rights conveyed, and the possession continues under such rights unless a different right is given by law or is asserted expressly or by implication from the actions or conduct of the party in possession or of some one acting in his behalf.

The possession of one tenant in common is in law the possession of all having similar rights in the property, and the mere possession of the property by one of the tenants in common is not of itself notice that the one in possession has a claim upon or an equity in the rights of the other tenants in common with reference to the land.

Where the title to property has descended to several as co-parceners and a conveyance is made of the interests of some of the co-parceners, the grantee and the other co-parceners become tenants in common of the land, and

the possession of the grantee under such a conveyance is notice only as to the interests conveyed unless actual notice is given that the possession has reference to other rights as well as to those covered by the conveyance.

The deed of conveyance by J. R. Tyler as guardian to E. H. Tyler conveyed the interests of the wards, but did not convey the guardian's personal interest in the lands as against bona fide purchasers for value and without notice of equities that may exist in favor of E. H. Tyler. The recorded deed was not constructive notice of any claim of E. H. Tyler to J. R. Tyler's individual interests in the lands and no actual notice is alleged. The possession of E. H. Tyler under the conveyance to him by J. R. Tyler as guardian, was consistent with the right of J. R. Tyler to possession as to his undivided interest not shown to have been conveyed, and such possession of E. H. Tyler was of itself notice only of the interests shown to have been conveyed by the recorded deed, which in this case do not include J. R. Tyler's individual interest in the property, though the parties to the deed may have intended the guardian's own interest to be included in the conveyance, and though equity might have enforced that intention as between the parties. Whatever may be the rights of the parties to the guardinan's deed between themselves, W. E. Johnson appears to be a bona fide purchaser for value and without actual or constructive notice of the rights of E. H. Tyler as to J. R. Tyler's interest in the property. Under these circumstances E. H. Tyler is not entitled to the relief prayed, and the decree must be affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.