BARNS, Justice.
‘ The Chancellor entered a final decree cancelling a deed from the appellee-plain-tiff to the appellant-defendant, Dorothy L. Bould, whereupon the defendants brought this appeal. In support of the appeal appellants present three assignments of error magnified into nine questions. However, we find that only the one that “Chancellor erred in making and entering the final decree in this cause on June 6th, 1952,” merits consideration and this we find not .to be sustained.
 The only determinative question presented is whether the deed involved was delivered by or on behalf of the grantors, *274 who were Mrs. Coe and her deceased husband, to the grantee, Mrs. Bould. The decree of the Chancellor is inconsistent with a finding that a delivery occurred and there is ample evidence to support a 'finding that there was no delivery. A deed takes effect upon delivery and nothing passes until delivery. Houston v. Adams, 85 Fla. 291, 95 So. 859. It is evident that Mrs. Coe intended to retain the deed until her death and that the taking of the possession of the deed by the grantee, although explained, was not justified and that the decree appealed should be affirmed. It is so ordered.
Affirmed.
HOBSON, C. J., and TERRELL and MATHEWS, JJ., concur.