148 So.2d 43 (1962)
Earl Raymond JEFFORDS et al., Appellants,
v.
Lillie Bell JEFFORDS, as Administratrix of the Estate of Roy Harold Jeffords, deceased, et al., Appellees.
No. D-372.
District Court of Appeal of Florida. First District.
December 20, 1962.
William B. Watson, Jr., and William N. Long, Gainesville, for appellants.
J. Emory Cross, Gainesville, H. Jack Miller, Miami, for appellees.
WIGGINTON, Judge.
This appeal is from a summary final decree rendered by the trial court. It is contended that from the proofs, depositions and other evidence in the file there exists a genuine issue of material facts with respect to the issues of law made by the pleadings, and that the chancellor erred in holding that appellees were entitled to a decree as a matter of law.
The suit in question is one in chancery brought for the purpose of attacking the validity of a deed to real estate. In substance the complaint alleges that the property described in the questioned deed was the homestead of one S.M. Jeffords, who prior to his death was the husband of the appellant Louise Jeffords, and the father of the remaining appellants. The defendants in the suit, who are appellees here, are the widow and children of Roy Harold Jeffords, a deceased son of S.M. Jeffords.
The complaint alleges that the deed given by S.M. Jeffords and his appellant wife, Louise Jeffords, purporting to convey the homestead property to their son, Roy Harold Jeffords, now deceased, was void and should be cancelled for several reasons among which is that the deed was never *44 validly delivered to the grantee during the lifetime of the grantor. By his summary final decree which forms the subject of this appeal, the chancellor found from the pleadings, depositions and other evidence in the file that the deed in question was duly executed by the grantors and delivered to the grantee who caused it to be placed of record during the lifetime of the grantor S.M. Jeffords. The court found that there exists no genuine issue of any material fact with regard to the issue of delivery, which finding formed one of the bases for the summary decree here assaulted.
It has long been the law of Florida that it is essential to the validity of a deed of land that there be a voluntary delivery of it by the grantor to the grantee or to someone on his behalf, and an acceptance thereof by him with the mutual intention of the parties to pass title to the land. A deed takes effect upon delivery and nothing passes until delivery is effectuated.[1]
After the pleadings in the case were closed, the deposition of appellant Louise Jeffords, widow of S.M. Jeffords, was taken and filed in the cause. Mrs. Jeffords testified that during the lifetime of her husband they executed the deed here attacked; that after it was prepared, executed and acknowledged, it was delivered to her and her husband, and kept in her personal possession until several months after her husband's death; that thereafter she delivered the deed to her son's wife, the appellee Lillie Bell Jeffords, with instructions that it be placed in the bank for safekeeping, but not be recorded; that several months thereafter the deed was filed for record without the knowledge or consent of appellant Louise Jeffords.
The deposition of H.N. LeRoy was also taken. He testified that at the request of S.M. Jeffords he prepared the deed in question, attended to its execution by the grantors, signed it as an attesting witness and took the grantor's acknowledgment as Notary Public. He stated that he did not have his Notary seal with him at the time the deed was executed at the Jeffords home, and for that reason it was necessary that he take the executed deed back to his office in order to affix his Notary seal. Before leaving the home he asked the grantor Jeffords whether the latter wanted him to have the deed recorded at that time, but was told not to do so but return the deed to the grantee, Roy Harold Jeffords. He testified that after affixing his official seal to the deed he either delivered it personally or mailed it to the grantee, Roy Harold Jeffords, in accordance with his instructions.
While having no bearing on the issue immediately before us, we take this opportunity to observe that this case provides a classic example of the confusion, expense, bitterness and delay that so often results when a layman undertakes to practice law. It seems clear that witness H.N. LeRoy, armed with a commission as notary public, considered himself fully competent to prepare a deed carrying out the intentions of Mr. and Mrs. Jeffords. The ineptness with which he performed that service raises a strong inference that he lacked that training in the law which is so essential to the equipment of one who undertakes to perform that type of service.
From the deposition testimony given by appellant, Louise Jeffords, and the witness, H.N. LeRoy, there appears a sharp conflict as to the facts surrounding the execution and delivery of the deed. If Mrs. Jeffords' testimony is accepted as true, there was never a valid delivery of the deed by the grantor to the grantee during the former's lifetime, nor at any time thereafter. If on the other hand the testimony of the witness LeRoy is accepted as true, there was a valid immediate delivery of the instrument to the grantee named therein at the time the deed was executed. Such testimony creates a genuine issue of a *45 material fact on the question of delivery upon which the validity of the deed will depend.
In the Baskin case this Court, speaking through Judge Carroll, said:
"* * * we think, in an equity suit on a motion for summary final decree the court has no authority to substitute itself for the chancellor who will, after a full hearing on the merits, determine controverted issues of fact. This is so, of course, even if it should appear probable that the judge who is hearing the motion for summary final decree will be the same judge who will determine controverted issues of fact following a full hearing on the merits. This is something more than a mere `changing of judicial caps.' When a judge hears the motion for summary final decree, his function is to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a final decree as a matter of law. When the judge is considering the entry of a final decree after a full hearing on the merits, he, as the trier of the facts, determines controverted factual issues, and draws inferences of fact from the substantial, competent evidence adduced by the parties. * * *"[2]
It is our view and we so hold that the pleadings, depositions and other evidence in the file which was before the chancellor at the hearing on appellee's motion for summary final decree reveals a genuine issue of a material fact as relates to the question of delivery of the deed involved in this case. The chancellor therefore erred in finding to the contrary and holding that appellees were entitled to a favorable decree as a matter of law. In view of this holding we consider it unnecessary to pass upon the remaining questions presented by the appeal, which questions can more properly be resolved on final hearing of the cause. The decree appealed is accordingly reversed and the cause remanded for further proceedings.
CARROLL, DONALD K., C.J., and STURGIS, J., concur.
NOTES
[1] 10 Fla.Jur.  Deeds  §§ 82, 84; Bould et al. v. Coe (Fla. 1953), 63 So.2d 273.
[2] Baskin et al. v. Griffith et al. (Fla.App. 1961) 127 So.2d 467.