CARROLL, Judge.
This is an appeal by the defendant Country Park Estates, Inc. (herein referred to as the company) from a summary final de-’ cree of foreclosure of a mortgage.
Suit was filed in the circuit court in Dade County by Dan Balantzow against the company for foreclosure of a mortgage on certain real estate, securing payment of a note for $15,000 evidencing a loan in that amount from the plaintiff to the company. The defendant pleaded payment and averred that Leonard Simons, not a party to the suit, who was a brother-in-law of the plaintiff and was an officer and stockholder of the defendant company, had repaid the plaintiff. In the alternative, it was averred by the defendant that Simons, while indebted to the company for $20,000 for purchase of stock, had supplied the money which plaintiff advanced to the company, thereby conspiring with the plaintiff to defraud the company and deprive it of property by foreclosure, knowing the company was without funds to repay such loan other than its account receivable from Simons.
When the cause came on for hearing, on plaintiff’s motion for summary final decree, the trial court had before it the pleadings and certain depositions and affidavits. Those were the deposition of George Kap-lan, president of the defendant company, the deposition of plaintiff, the affidavit of the plaintiff, an affidavit of one Richard M. White relating to a previous mortgage which had been paid, and an affidavit of Kaplan, the company’s president, relating to use of some of the proceeds of the loan to discharge the mortgage indebtedness referred to in White’s affidavit.
The recital in the final decree, which was signed March 23, 1965, that the cause came on to be heard on “final hearing,” was not correct according to the record which discloses the cause came on to be heard and was determined on plaintiff’s motion for summary final decree.[1] The defendant-appellant argues that the court was in error in granting summary judgment *10 for the plaintiff in the presence of triable issues as to payment and as to an alleged conspiracy between the company’s officer Simons and the plaintiff. Appellant’s contention has merit and we reverse.[2]
Examination of the depositions and affidavits which were before the court on plaintiff’s motion for summary final decree show conflict between the parties on the matter of the asserted defenses. For example, as to the defense of payment, in the deposition of defendant’s president, he was asked:
“Q All right. Then with regard to the sums that Dan Balantzow did advance, to wit, the $15,000.00, it is your position with regard to them that Dan Balantzow was repaid these moneys by Leonard Simons”
“A That’s correct, * * * ”
Also, his affidavit supported the pleaded defenses of payment and conspiracy. In opposition, the plaintiff denied payment in his deposition, as follows:
“Q Has Leonard Simons repaid this loan to you ?
“A No, he hasn’t.
“Q Has any person repaid the obligation under this note to you?
“A No.”
And plaintiff’s affidavit stated he “reiterates allegations of the complaint and the admissible statements in his deposition previously taken.” We conclude, therefore that the trial court was in error in granting a summary final decree with such triable issues present.[3]
Accordingly, the decree is reversed and the cause is remanded for trial.
Reversed and remanded.

. On March 5, 1965, plaintiff moved for summary final decree, as follows: “Gomes Now the Plaintiff, and files this his Motion for Summary Final Decree, and as grounds therefor alleges that the pleadings and depositions heretofore filed to *10 gether with the affidavits filed hereto, herewith and hereafter, indicate that there is no justifiable issue to be tried and that the Plaintiff is entitled to a decree as a matter of law.” On the same date notice of hearing on the motion for summary final decree was served by plaintiff on defendant, as follows: “You Are Hereby Notified that the undersigned will call up for hearing, before the Honorable Harvie S. Duval, one of the Judges of the above named Court (by Special Appointment), at 11:00 A.M., on Wednesday, the 17th day of March, 1965, or as soon thereafter as same can be heard Plaintiff’s Motion for Summary Final Decree in the above styled cause.”

. A motion made by defendant to join Simons as a party to the cause and to amend its answer to enlarge the allegations on the conspiracy was denied.

. See Baskin v. Griffith, Fla.App.1961, 127 So.2d 467, 473-474; Jeffords v. Jeffords, Fla.App.1962, 148 So.2d 43, 45.