CARROLL, DONALD, K., Acting Chief Judge.
The plaintiff in an action to cancel and rescind a warranty deed has appealed from an adverse final judgment entered by the Circuit Court for Alachua County.
The basic question presented for our determination in his appeal is whether a con *435 ditional delivery of a deed to a third person, under the circumstances described below, constitutes a legally effective delivery of the deed.
Briefly stated, the facts established by the evidence and pertinent to the present consideration are as follows:
One T. B. Videon died on November 30, 1968, leaving a widow, Hattie Videon, two sons, Buddy and Otis, and a daughter, the defendant, Ruth Cowart. On February IS, 1963, the deceased had executed the deed in question conveying certain lands owned by him to Ruth. After he had executed this deed, the deceased kept it in his possession, first in a safety deposit box in Gainesville and then in a shoe box in his room at his home in Archer. He gave orders that no one, not even his wife, was to go into the room where he kept the deed.
On the day before he died, T. B. Videon removed the deed from his room and took it to Bronson. Accompanying him to Bronson were his son, Buddy, his wife, Hattie, and her daughter-in-law, Dorothy Bell. Upon their arrival at Bronson, T. B. Vid-eon sent Buddy to put documentary stamps on the deed, which Buddy did.
While in Bronson, T. B. Videon executed his will and gave the deed in question to Hattie with instructions to her to hold the deed until his death and then, if Buddy asked for the deed, to give it to him. Hattie testified that, when the deed was given to her, she was acting analogously to a bank’s safety deposit box, that her husband had the right to get the deed back from her at any time, and that was the way he wanted to hold the deed. Buddy testified that his father’s instruction to him was to get the deed from Hattie and give it to Ruth upon the condition that Ruth should renounce all claim to the remaining assets of the grantor’s estate and accept the deed as her share of the estate.
A day or two after T. B. Videon’s death on November 30, 1968, Buddy asked for and obtained, the deed from Hattie. On January 1 or 2, 1969, Buddy gave the deed to Ruth, who recorded the deed about a week later. Subsequently, W. O. Videon (Otis), as a son and legatee of T. B. Videon filed the present action to rescind the said deed for lack of effective delivery.
In their appellate briefs both parties agree that there is language in Florida cases indicating that a conditional delivery of a deed to a third party, absent a time escrow, is invalid, but that, if the performance of the condition is in the sole control of the grantee, the delivery is effective, the grantor having relinquished all control over the instrument. Both parties cite Boyer, “Florida Real Estate Transactions,” Section 9.04(5) (a) as their authority for the latter proposition. That section reads in pertinent part:
“The essence of an escrow is that of a conditional delivery. If the deed is deposited with a third party to be given to the grantee upon the happening of a certain event, there is no contingency at all. Delivery of such deeds is absolute as of the time they are deposited with the custodian. Further, the essence of an effective delivery is the surrender of control by the grantor. Where the deed is to become effective upon the performance of a condition by the grantee, then the grantor has no control over the situation. Control is vested in the grantee, and thus the grantor has sufficiently divested himself of control. * * * ”
The foregoing quotation from Boyer’s work, in our opinion, is sufficiently supported by the Florida decisions cited in his footnotes to the statements in the quotation.
The chancellor recognized the said rules in the final judgment appealed from herein and made the following findings of fact therein pertinent to the question before us in this appeal:
“I find that there was a condition to be performed by the grantee before she *436 could take the deed, but that the condition in no way enabled the grantor to retake, repossess, or exercise dominion or control over the deed once he had delivered it to Hattie. The annotation in 52 A.L.R. at Page 1246 concerns itself with cases where delivery to the grantee is subject to the performance of a condition subsequent to the death of the grantor. Those cases appear unanimous in upholding such a delivery. No Florida cases concerning the same facts were cited to the Court by either Counsel. It should be noted that in all cases concerning deeds delivered to a third person to be held until the death of the grantor there exist implied conditions. The first condition is that the grantor will die and the second condition is that the grantee will accept the deed as acceptance is a necessary element to any valid deed. The fact that another condition has been added which could be performed with certainty by the grantee, and that such condition was in fact performed, should not affect the validity of the delivery or the deed. Noteworthy also is the fact that conditions subsequent are common in an escrow situation and the delivery of a deed to a third person with instructions to give it to the grantee upon the death of the grantor is analogous to an escrow transaction.”
The cases from other jurisdictions discussed in the annotation mentioned in the above quotation, in our opinion, support the chancellor’s conclusions.
In reaching our determination in this appeal we are mindful of the fact that the chancellor in this action was sitting as the trier of the facts, so we are not authorized to substitute our judgment for his as to questions of fact, if there is competent, substantial evidence in the record to support his findings of fact. In addition, the judgment before us comes to us clothed with the presumption of correctness.
For the foregoing reasons, the final judgment appealed from herein must be and it is
Affirmed.
WIGGINTON, J., and McLANE, RALPH M., Associate Judge, concur.