479 So.2d 761 (1985)
Florise C. WHITTIMORE, Sometimes Known As Mattie Florise Whittimore, Appellant,
v.
Truman Clyde CRUCE, Jr., Leonard Delon Cruce, James Henry Cruce, Jr., June C. Diehl, Lila Carol Browne, Sarah Kay Shea, Wanda Cruce Hughey and Lea Diane Cruce Barnes, Appellees.
No. BC-449.
District Court of Appeal of Florida, First District.
October 18, 1985.
*762 Wilfred C. Varn and Robert M. Ervin, Jr., of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellant.
Ernest M. Page, Jr., Madison, for appellees.
WIGGINTON, Judge.
We have before us for review an appeal from a final summary judgment and order denying rehearing on said judgment, holding there to be no genuine issue of material fact and finding that a warranty deed purporting to convey to appellant the land on which she resides was void for want of delivery during the lifetime of the grantor. We reverse.
Since 1972, appellant has resided on certain real property adjacent to her parents' home. She has paid for all the homeowners' insurance on her dwelling and has never paid rent for the use of the land or the dwelling. In 1978, appellant maintains that her parents decided to convey to her the land. Her father, John Albert Cruce, never executed a will; according to appellant, her parents felt that conveyance of the property by deed would be a more reliable transfer. Accordingly, a warranty deed was executed by her parents. Cruce took the deed to appellant at her home where she read the deed to him. He allegedly told appellant that the land was hers and that she should record the deed upon his death. He then informed her that he would place the deed in a metal file box, a family depository for important documents located in his home, and that if anything should happen to him that she could find the deed there.
On a later occasion, Cruce told appellant that her brother, A.W. "Pete" Cruce, would have the deed and that she should get the deed from Pete upon Cruce's death. On several occasions, Cruce removed the deed from the file box for appellant to read it to him. On those occasions, according to appellant, Cruce said to her, "I want you to understand that that place and what's on that place is yours."
From 1979 through 1981, ten acres of the land were rented to a paving company which paid Cruce the rent. Cruce placed the payments in certificates of deposit held jointly by him and appellant. Appellant has since received all the proceeds from the rental of the ten acres. In 1981, the paving company wished to enter into a written lease of the ten acres, but, upon appellant and her father's discussing the matter, appellant decided against the lease. The paving company discontinued its use of the ten acres.
Shortly after the execution of the deed to appellant, Cruce showed it to Pete and told him to give the deed to appellant upon his death and instruct appellant to record it. The file box in which the deed was placed was allegedly kept on a shelf in Cruce's bathroom, although appellant at one point deposed that the file box was kept in her father's bedroom. Pete was given keys to his parents' home and to the file box, and he and his father had mutual and continual access to the box. At times, Pete would exercise his access to the box with Cruce's consent and permission, but without his supervision. On the night of Cruce's death, Pete retrieved the deed from the file box and gave it to appellant.
Following Cruce's death, appellees (several of Cruce's potential heirs, who were also his children or grandchildren) brought an action to, inter alia, invalidate the warranty *763 deed to appellant and to require her to account for and pay to the estate all income, profits, rents and other benefits derived from the property following his death. Appellees moved for summary judgment contending that there was neither actual nor constructive delivery of the deed during Cruce's lifetime, and that the deed was void for want of delivery during his lifetime. The trial court granted the motion for summary judgment upon a finding that there was no genuine issue of material fact, concluding that the deed was "void for want of delivery during the lifetime" of Abb Cruce. Appellant moved for rehearing or for relief from judgment, which motion was denied.
Intent, the critical question in determining whether there has been an effective delivery of a deed, is a question of fact to be determined by the factfinder. Parramore v. Parramore, 371 So.2d 123 (Fla. 1st DCA 1978); Videon v. Cowart, 241 So.2d 434 (Fla. 1st DCA 1970), cert. denied mem., 245 So.2d 88 (Fla. 1971); Jeffords v. Jeffords, 148 So.2d 43 (Fla. 1st DCA 1962). This is equally true when the deed is delivered to the grantee by a third person, to whom the grantor has entrusted the deed for delivery to the grantee. Smith v. Owens, 91 Fla. 995, 108 So. 891 (1926). The concern here is "with the totality of the evidence spanning the years of the grantor's life," Parramore, 371 So.2d at 125, and whether the grantor intended to reserve the opportunity to change his mind (the locus poentitentiae). Id. Since the issue of intent is rarely suited to resolution by motion for summary judgment, and since we find there to be a genuine issue of material fact on the question of delivery, we hold that the trial court erred in entering summary judgment for appellees. Jeffords v. Jeffords. A factual issue to be resolved here would be whether Cruce surrendered the control of the deed, an issue better resolved by the factfinder who observed the demeanor of testifying witnesses.
REVERSED.
THOMPSON AND NIMMONS, JJ., concur.