**In re John Logan McCALL, d/b/a McCall Auto Parts Debtor.**

**John Logan McCALL, d/b/a McCall Auto Parts, Plaintiff,**

**v.**

**BARNETT BANK OF COLUMBIA COUNTY, Defendant.**

Bankruptcy No. 85–482–BK–J–GP.
Adv. No. 85–178.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 11, 1986.

Lansing J. Roy, Keystone Heights, Fla., for plaintiff.

Robert J. Winicki, Jacksonville, Fla., William B. Brannon, Jr., Lake City, Fla., for defendant.

## MEMORANDUM ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY FINAL JUDGMENT

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding was commenced by debtor, John Logan McCall, against Barnett Bank of Columbia County to determine the validity, priority, and extent of the interest claimed by Barnett in certain real property located in Columbia County, Florida. The matter before the Court is defendant Barnett's motion for final summary judgment.

The facts are not in dispute. On May 2, 1979, John Logan McCall, together with his father, John Lowell McCall, acquired certain real property in Columbia County, Florida, as joint tenants with the right of survivorship. The deed evidencing this transfer was recorded on May 4, 1979, in the public records of Columbia County, Florida. From that date forward, John Logan McCall was in sole and exclusive possession of the property. On December 23, 1979, John Lowell McCall executed a warranty deed transferring his interest in the real property to John Logan McCall. This deed was not recorded in the public records of Columbia County, Florida, until September 6, 1985. John Logan McCall filed a petition for relief under 11 U.S.C. Chapter 11 on June 17, 1985.

Between the time the property was acquired and the deed transferring the father's interest to his son was recorded, Barnett obtained a deficiency judgment against McCall Auto Parts, Inc., a Florida corporation and John Lowell McCall, individually, in the amount of $348,925.24. A certified copy of the deficiency judgment was recorded in the public records of Columbia County, Florida, on December 5, 1984. A writ of execution as to John Lowell McCall's interest in the property was issued on January 15, 1985, and the Sheriff of Columbia County levied upon this interest on July 3, 1985. A Sheriff's Sale was held on September 11, 1985, with Barnett purchasing John Lowell McCall's interest in the property for $100.00.

The primary issue before the Court is whether Barnett has priority of title over John Logan McCall to the interest in the real property that was held by John Lowell McCall. Florida law is controlling.

Section 695.01(1) of the Florida Statutes states:

> No conveyance, transfer or mortgage of real property or of any interest therein ... shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice unless the same be recorded according to law....

"The law is well settled (in Florida) that ... subsequent purchasers and creditors acquiring subsequent liens by judgment or otherwise without notice of a prior unrecorded deed will be protected against such unrecorded conveyance." *Feinberg v. Stearns,* 56 Fla. 279, 47 So. 797, 798 (1908). *Feinberg,* like the instant matter, involved a title dispute between a judgment lien creditor and a person claiming title under an unrecorded deed. The *Feinberg* Court found that § 695.01(1) clearly governed this issue.

Plaintiff asserts, however, that Section 695.01(1) does not govern this matter because a judgment lien cannot attach to property of which the debtor holds only bare legal title. *See Miller v. Berry,* 78 Fla. 98, 82 So. 764 (1919); *National Bank of Arcadia v. Savarese,* 101 Fla. 480, 134 So. 501 (1931); *Laganke v. Sutter,* 137 Fla. 71, 187 So. 586 (1939); *Arundel Debenture Corp. v. LeBlond,* 139 Fla. 668, 190 So. 765 (Fla.1939); and *In re May,* 19 B.R. 655 (D.C.N.D.Fla.1982). There has been no division of legal and beneficial title in this matter. When John Lowell McCall conveyed his one-half interest in the real property by warranty deed to his son, he conveyed both legal and equitable title. It was John Logan McCall's obligation to

record that warranty deed in order to protect his title against subsequent purchasers or creditors. Failure to record the warranty deed brought the matter within the ambit of Florida Statute § 695.01(1). *See Stockton v. National Bank of Jacksonville,* 45 Fla. 590, 34 So. 897, 900 (1903). Plaintiff's reliance on the *Savarese* line of cases is misplaced.

■ The only remaining issue before the Court is whether John Logan McCall's continuous, exclusive possession of the property constituted constructive or adverse notice of his claim of ownership. The rule in Florida is that possession consistent with record title does not constitute constructive notice. *Tyler v. Johnson,* 61 Fla. 730, 55 So. 870 (1911). John Logan McCall's exclusive possession of the property was consistent with record title since he held an undivided one-half interest in the property. There is no question that Barnett was without actual notice of the unrecorded deed at the time it recorded its judgment lien.

Accordingly, it is ORDERED:

1) Pursuant to Florida Statute § 695.-01(1), the recorded judgment lien of Barnett Bank of Columbia County has priority over the unrecorded deed of John Logan McCall.

2) Barnett Bank of Columbia County was without actual or constructive notice of the unrecorded deed at the time it recorded its judgment lien.

3) Defendant's Motion for Final Summary Judgment is granted.