PER CURIAM.
The appellees signed drafts which on their face showed a corporate obligation as individuals. The trial court entered a summary final judgment finding in effect that the appellees intended to sign in a representative capacity. We hold that the trial court erred in entering such a summary judgment, as generally the intention of the parties to an agreement is an issue of fact. Whittimore v. Cruce, 479 So.2d 761 (Fla. 1st DCA 1985); Pollock v. Albertson’s, Inc., 458 So.2d 74 (Fla. 5th DCA 1984); Sanders v. Wausau Underwriters Insurance Company, 392 So.2d 343 (Fla. 5th DCA 1981).
Therefore the summary judgment under review be and the same is hereby reversed and the matter is remanded to the trial court for trial on the issues.[1]
Reversed and remanded.

. Because the cause in the trial court is set for trial May 31, 1988, we reduce the time for the filing of any petition for rehearing to five (5) days and any reply thereto to three (3) days.