In re Estelle G. SHANNIS, Debtor.

Aaron R. Cohen, as Trustee for
the Estate of Estelle G.
Shannis, Plaintiff,

v.

Samuel M. Bellamy, Jr. and Samuel
M. Bellamy, Sr., Defendants.

No. 98–08780–3P7.
Adversary No. 98–178.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 19, 1999.

Nina M. LaFleur, Jacksonville, FL, for plaintiff.

John Moxley, Ocala, FL, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon Defendants' Motion for Summary Judgment on Aaron R. Cohen's ("Trustee") complaint seeking to avoid and recover a fraudulent conveyance of real property pursuant to 11 U.S.C. §§ 548 and 550. After a hearing on October 21, 1998, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. The facts of the case were stipulated to orally by the attorneys at the October 21, 1998 hearing.
2. Estelle G. Shannis ("Debtor") was previously married to one of the Defendants, Samuel M. Bellamy, Sr. ("Senior").
3. Debtor and Senior acquired certain real property (the "Property") where they resided during the course of their marriage.
4. On November 14, 1996, the deed to the Property was dated and delivered to the second Defendant, their son, Samuel M. Bellamy, Jr. ("Junior").
5. The Debtor and Senior were divorced by Final Judgment dated December 30, 1996.
6. On April 16, 1997, the deed was recorded.
7. On August 13, 1997, Junior transferred the Property back to Senior.
8. The initial transfer of the Property by the Debtor and Senior to Junior was made without consideration. In fact, Debtor's Statement of Financial Affairs states that the Property was transferred to Junior as a gift.
9. The Tax Assessor of Marion County has determined that the Property has a value of $18,328.00.
10. On November 17, 1997, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Aaron R. Cohen was appointed as trustee for the bankruptcy estate.
11. On August 26, 1998, the Trustee commenced this adversary proceeding against Junior and Senior to avoid the transfers and to recover the property pursuant to 11 U.S.C. §§ 548 and 550 for the benefit of the estate. (Doc. 1.)
12. The Defendants filed an answer to the complaint (Doc. 4.) and subsequently moved for Summary Judgment contending that the initial transfer to Junior took place more than one year prior to the petition date. (Doc. 5.)

### CONCLUSIONS OF LAW

The Trustee contends in his complaint that on April 16, 1997, within one year preceding the petition date, the Debtor transferred the Property to her son, Junior, without consideration when Debtor was insolvent or undercapitalized. (Doc. 1.) The Trustee also alleged that the Debtor transferred the Property with the actual intent to hinder, delay or defraud creditors of the Debtor. Therefore, the Trustee argues the Property is property of the estate subject to turnover to the Trustee pursuant to 11 U.S.C. §§ 548 and 550. The Defendants raise three principal defenses to the Trustee's claims. (Doc. 4, Defs.' Br. at 4–5.) First, the Property transferred by Debtor occurred on November 14, 1996, the date of the deed and delivery, which occurred more than one year prior to Debtor filing her bankruptcy petition. Second, the Property transferred by Debtor was jointly owned property between her and her then husband, Senior, and thus not subject to the claims of Debtor's creditors. Third, the Property transferred was homestead property and therefore exempt from the claims of creditors.

### Standard for Motion for Summary Judgment

Federal Rule of Civil Procedure 56, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, requires that summary judgment be "rendered forthwith if the pleadings, ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Fed.R.Bankr.P. 7056.

The burden of proof with respect to a motion for summary judgment rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the non-moving party must then establish an essential element of its case for which it bears the burden of proof. *Id.* at 322, 106 S.Ct. 2548. Absent such a showing, there is no genuine issue of material fact. *Id.* at 322–23, 106 S.Ct. 2548. Furthermore, the requirement for a genuine issue of material fact is not satisfied by the simple existence of a dispute between the parties: "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

When a motion for summary judgment is at issue, the Court is required to view the facts in the light most favorable to the non-moving party. *Macks v. United States (In re Macks)*, 167 B.R. 254, 256 (Bankr. M.D.Fla.1994) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). If the Court then determines that reasonable minds can come to but one conclusion, and that conclusion is in favor of the moving party, the Court must enter the judgment. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505. However, if reasonable minds could reach different conclusions, the Court must decline to enter the judgment. *Id.* at 250–51, 106 S.Ct. 2505. As stated by the Supreme Court, the issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–252, 106 S.Ct. 2505.

### Time of Transfer of Property

The main issue raised on Defendants' Motion for Summary Judgment and which the Court will initially discuss is whether, for purposes of determining the time of an alleged fraudulent transfer of real property, the transfer of the Property occurred on the date the deed was signed and delivered, or on the date the deed was recorded.

■ The Defendants rely on *Jeffords v. Jeffords*, 148 So.2d 43 (Fla.Dist.Ct.App.1962) and *Bould v. Coe*, 63 So.2d 273 (Fla.1953) to support the proposition that all real property transfers in Florida occur on the date the deed is delivered. (Defs.' Br. at 6–7.) However, Defendants' reliance is misplaced. *Jeffords* and *Bould* only address the delivery of unrecorded deeds and their validity against the parties privy to the initial transfer. 148 So.2d at 44–45, 63 So.2d at 273–74. It is undisputed, that "[t]he law in Florida has always been that an unrecorded deed does not affect its validity as between the parties and their privies." *Fryer v. Morgan*, 714 So.2d 542, 545 (Fla.App.1998). However, the validity of this transfer is not challenged by the original parties, but rather by the bankruptcy trustee, who is accorded the stature of a judgment lien creditor and bona fide purchaser of the Property. 11 U.S.C. § 544(a) (West 1998).

Under 11 U.S.C. § 548(a)(2), the trustee may avoid any transfer of an interest of the debtor in property made within one year of the petition date where (i) the debtor is insolvent or undercapitalized and (ii) the debtor receives less than a reasonably equivalent value in exchange for such transfer. 11 U.S.C. § 548(a)(2) (West 1998). Section 548 also defines when a transfer is made, and provides in relevant part:

> For the purposes of this section, a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an

interest in the property transferred that is superior to the interest in such property of the transferee . . .

11 U.S.C. § 548(d)(1) (West 1998).

■ It is clear that, for purposes of determining the time of an alleged fraudulent transfer, the time of perfection of such transfer requires reference to state law. *In re Levy*, 185 B.R. 378, 382 (Bankr.S.D.Fla.1995) (citing *In re Emerald Oil Co.*, 807 F.2d 1234 (5th Cir.1987)). As the Court has previously noted, the time of perfection concerning creditors and subsequent purchasers, under Florida law, is governed by Florida Statutes § 695.01, which states:

> No conveyance, transfer or mortgage of real property or any interest therein . . . shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice unless the same be recorded according to law. . . .

*In re McCall*, 58 B.R. 54, 55 (Bankr.M.D.Fla. 1986). "The law is well settled (in Florida) that . . . subsequent purchasers and creditors acquiring subsequent liens by judgment or otherwise without notice of a prior unrecorded deed will be protected against such unrecorded conveyance." *Id.* (citing *Feinberg v. Stearns*, 56 Fla. 279, 47 So. 797 (1908)).

■ As noted above, the Trustee is accorded the stature of judgment lien creditor and bona fide purchaser of real property for fraudulent transfer purposes. Since the present transfer was not perfected under applicable Florida law as against bona fide judgment lien creditors or purchasers, this transfer of the Property is ineffective against the Trustee until the deed of conveyance is recorded. *Levy*, 185 B.R. at 382–83 (holding, in trustee avoidance action, under Florida law and § 548(a)(2), date of transfer of real property occurs on date deed is recorded). Therefore, for fraudulent conveyance purposes under § 548, the date the Property was initially transferred to Junior occurred on the date the deed was recorded—April 16, 1997. Thus, since the transfer took place within one year of the Debtor's petition date, material facts exist concerning the subject of avoidance by the bankruptcy trustee under § 548(a)(2).

## Property Subject to a Fraudulent Transfer

Defendants' further contend that the Property was not subject to a fraudulent transfer because (1) the Property was jointly owned by Debtor and Senior as tenants in the entirety and (2) the Property was the homestead of the Debtor and Senior at the time of the initial transfer to Junior, and thus was not subject to the claims of Debtor's creditors. Defendants' assertions are without merit.

■ Under Florida law, tenancy by the entirety property is immune from the claim of a single creditor of one of the tenants. *Stanley v. Powers*, 123 Fla. 359, 166 So. 843, 846 (1936). However, the final judgment of dissolution of marriage severs the tenancy by entirety, and the parties become, by operation of law, tenants in common as to this property upon rendition of the judgment. Fla.Stat.Ann. § 689.15 (West 1998); *see Wilkerson v. Wilkerson*, 179 So.2d 592 (Fla. Dist.Ct.App.1965). Since the transfer occurred on April 16, 1997, after Debtor and Senior were divorced by Final Judgment on December 30, 1996, their legal rights and obligations with respect to the Property were then subject to determination by the rules of law governing tenancies in common. Under Florida law, all of Debtor's creditors, and not just joint creditors of Debtor and her spouse, could reach the Property held by Debtor as tenant in common with her spouse at the time of the transfer. *See In re Daughtry*, 221 B.R. 889, 891 (Bankr.M.D.Fla.1997). Additionally, material facts exist regarding whether or not the Property was the homestead of the Debtor at the time of the transfer. The undisputed facts indicate that the Debtor was not residing on the Property at the time of the initial or subsequent transfer. Further, Debtor has not claimed the property as her homestead. Therefore, a material factual dispute exists regarding the homestead status of the Property, and whether or not Debtor had abandoned it as her homestead prior to the transfer. Accordingly, the evidence as stipulated by the parties indicates that material facts exist concerning

whether or not the Property can properly be the subject of a § 548 fraudulent transfer case.

### CONCLUSION

The Bankruptcy Code provides that the time at which a transfer is perfected is defined by state law. Florida law dictates that a transfer of real property is not effective against a bona fide purchaser or judgment lien creditor until the recordation of the deed. Additionally, the Bankruptcy Code provides that the bankruptcy trustee assumes the position of a judgment lien creditor and bona fide purchaser of real property. Therefore, since the deed was not recorded until April 16, 1997, within one year of Debtor's petition, it falls within the purview of § 548, and is subject to an avoidance action by the Trustee. Because genuine issues as to material facts exist in this case, the Defendants' have failed to meet their burden of proof. Thus, the Court finds that Defendants' Motion for Summary Judgment is not well taken, and is accordingly denied. The Court will enter a separate order in accordance with these Findings of Fact and Conclusions of Law.