**In re Estelle G. SHANNIS, Debtor.**

**Aaron R. Cohen, as Trustee for the Estate of Estelle G. Shannis, Plaintiff,**

**v.**

**Samuel M. Bellamy, Jr. and Samuel M. Bellamy, Sr., Defendants.**

**Bankruptcy No. 97–08780–3P7.**
**Adversary No. 98–178.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Aug. 16, 1999.

Nina M. LaFleur, Jacksonville, FL, for Plaintiff.

John Moxley, Ocala, FL, for Defendants.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon the trustee's complaint to avoid and recover a fraudulent transfer of real property pursuant to 11 U.S.C. § 548.

Upon the evidence presented, the Court enters the following findings of fact and conclusions of law.

### Findings of Fact

Other than the effective date of the transfer, the facts are not in dispute. Estelle Gail Shannis ("Debtor") had previously been married to the defendant, Samuel M. Bellamy, Sr. ("Senior"). Debtor and Senior were divorced on December 30, 1996 (Pl.Ex. 1).

On April 16, 1997, within the one year preceding the Petition Date, Debtor and Senior transferred the following described real estate (the "Property") to Samuel M. Bellamy, Jr., their son ("Junior"):

> The South 80 feet of the North 930.13 feet of the East 112.5 feet of the West 1035.00 feet of the North ½ of the SW ¼ of Section 35, Township 14 South, Range 24 East, lying and being in Marion County, Florida. Being Lot 178 of an unrecorded subdivision.
>
> AND
>
> The South 80 feet of the North 850.13 feet of the East 112.5 feet of the West 1035.00 feet of the North ½ of the SW ¼ of Section 35 Township 14 South, Range 24 East, lying and being in Marion County, Florida. Being Lot 179 of an unrecorded subdivision.

Although the deed was dated November 14, 1996, it was not recorded until April 16, 1997 (Pl.Ex. 2). The effective date of the transfer, therefore, was April 16, 1997.[1]

At the time of the initial transfer, Debtor and Senior were divorced and Debtor was no longer residing on the Property.

On or about August 13, 1997, Junior transferred the Property back to Senior (Pl.Ex. 3).

The initial transfer of the Property by Debtor to Junior was made without consideration. The Debtor's Statement of Financial Affairs (along with the letter of correction dated April 13, 1998) states that the Property was transferred to Junior as a gift (Pl.Ex. 5).

The initial transfer of the Property was made within one year before the filing of the Chapter 7 petition. Debtor received no value in exchange for the transfer.

The Tax Assessor of Marion County determined the Property has a value of $18,411 (Pl.Ex. 4). Senior testified that the Property had a value of $10,000. The Court finds that the property has a value of $10,000.

On November 17, 1997 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Pl.Ex. 5). Aaron R. Cohen was appointed as trustee for the bankruptcy estate.

Debtor's schedules indicate that at the time of her bankruptcy filing, she owned assets valued at $80,449 while she had liabilities in excess of $106,414. The deposition testimony of Debtor further provides that her financial condition six to seven months prior to her bankruptcy filing was comparable to her financial condition at the time of her bankruptcy filing (Pl.Ex. 6, p. 18–19). Accordingly, the Court finds that Debtor was insolvent at the time of the initial transfer as that term is defined by § 101(32).

On August 26, 1998, the Trustee commenced this adversary proceeding against Junior and Senior to avoid the transfers and to recover the property for the benefit of the estate.

### Conclusions of Law

The complaint filed in this action seeks the avoidance and recovery of the estate's one half interest in a piece of real estate

---

1. Upon the motion for summary judgment filed by the defendants, the Court found that under Florida law, for fraudulent transfer purposes, transfer of the property at issue occurred on the date the deed was recorded and not on the date the deed was signed. *In re Shannis*, 229 B.R. 234 (Bankr.M.D.Fla. 1999).

under 11 U.S.C. § 548(a)(1)(B). This statute provides:

> The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily-
>
> (A) -
>
> (B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

> 11 U.S.C. § 548(a)(1)(B)

The Court has previously concluded that the initial transfer of the real property from the Debtor took place on the date that the deed was recorded—April 16, 1997—which was less than one year before the Petition Date. The transfers are therefore subject to avoidance by the bankruptcy trustee under § 548(a)(2).

Additionally, the Court has determined that Debtor was insolvent at the time of the initial transfer as that term is defined by § 101(32) and that the initial transfer of property was made without consideration.

The defendants contend that the transfer may not be avoided because the property in question was previously the homestead of Debtor and Senior. This argument is without merit. It is undisputed that Debtor was not residing on the property at the time of the initial or subsequent transfer. Debtor could not have (and has not) claimed the Property as her homestead.

### Conclusion

The Court finds that the necessary elements of § 548 have been established and therefore, the transfer comes within the purview of § 548 and is subject to avoidance.

The Court will enter a separate judgment consistent with these findings of fact and conclusions of law.

### JUDGMENT

This adversary proceeding came before the court upon the complaint filed by Aaron R. Cohen, Trustee, seeking to avoid fraudulent transfers of property pursuant to 11 U.S.C. § 548 and turnover of the property, or the value thereof. Upon findings of facts and conclusions of law separately entered, it is

ORDERED:

1. Judgment is entered in favor of plaintiff, Aaron R. Cohen, Trustee, and against defendants, Samuel M. Bellamy, Jr. and Samuel M. Bellamy, Jr. in the amount of $5,000, for all of which let execution issue.

2. The transfers of the following described real estate are avoided pursuant to 11 U.S.C. § 548:

> The South 80 feet of the North 930.13 feet of the East 112.5 feet of the West 1035.00 feet of the North ½ of the SW ¼ of Section 35, Township 14 South, Range 24 East, lying and being in Marion County, Florida. Being Lot 178 of an unrecorded subdivision.

> AND

> The South 80 feet of the North 850.13 feet of the East 112.5 feet of the West 1035.00 feet of the North ½ of the SW ¼ of Section 35 Township 14 South, Range 24 East, lying and being in Marion County, Florida. Being Lot 179 of an unrecorded subdivision.

3. Defendants Samuel M. Bellamy, Sr. and Samuel M. Bellamy, Jr. are ordered to turn over the debtor's ½ interest in the above described real estate, or ½ of the value thereof which was found to be $10,000, to the bankruptcy estate within 10 days of the entry of this order.